W. E. SMITH, W. J. McMILLIN and CURTIS CORDER, composing the firm of SMITH, Mc-MILLAN and COMPANY, Respondents, v. ST. LOUIS AND SOUTHWESTERN RAILWAY COMPANY, Appellant.

**Springfield Court of Appeals, December 12, 1914.**

1. **SHIPMENTS: Interstate Shipments: Interstate Commerce Law.** An interstate shipment is governed by the Interstate Commerce Law and the construction placed thereon by the Federal courts.

2. **CARRIERS: Of Live Stock: Stipulations in Contract: Binding When.** In a contract for an interstate shipment of live stock a stipulation therein contained that in case of loss of or injury to the live stock the shipper should give notice thereof within one day after delivery to destination before he would be allowed to recover damages, is valid. And a shipper giving notice after the expiration of the time specified is not entitled to recover.

Appeal from Dunklin County Circuit Court.—*Hon. W. S. G. Walker*, Judge.

REVERSED.

*Wammack & Welborn* and *Sam H. West* for appellant.

Since respondents did not give the notice of their claim for damages as provided by the tenth paragraph of the written contract of shipment, they are not entitled to recover in this case. Hamilton v. Railroad, 177 Mo. App. 145; Joseph v. Railroad, 175 Mo. App. 18; Clegg v. Railroad, 203 Fed. 971.

No appearance for respondents.

FARRINGTON, J.—The plaintiffs, a partnership, brought suit against the defendant railway company for damages occasioned by a delay in the ship-

186MoApp26

ment of a carload of hogs which were loaded and turned over to the railway company on January 7, 1913. The shipment was from Malden, Mo., and was consigned to the Dimmitt-Caudle Smith Commission Company of the National Stock Yards in the State of Illinois. The plaintiffs' evidence showed that the car was delayed on account of a defective drawhead, and that by reason thereof the plaintiffs were damaged on account of shrinkage in weight.

Plaintiffs admitted that the hogs were shipped under a contract with the defendant which contained the following provision: "Tenth: That as a condition precedent to the collection of any damages, for any loss or injury to live stock covered by this contract the shipper will give notice in writing of the claim therefor to some general officer or the nearest station agent of the carrier, or to the agent at destination, as the case may be, and before such stock is mingled with other stock, such written notice to be served within one day after delivery of the stock at destination. The purpose of requiring this notice is to enable the carrier to investigate and settle such claims before suit is instituted, and no action for any such damages shall be brought or maintained unless the notice in writing mentioned in this paragraph be given within one day after the delivery of the stock at destination. The filing of suit for such damage shall not be a compliance with this requirement and no one, excepting a general officer of said carrier, has authority to waive such notice and he only expressly in writing."

This contract, according to its terms was made limiting the common law liability of the carrier in consideration of a reduced freight charge.

The plaintiffs attempted to show a notice as required by the provision in the contract by testifying that the consignees advised them that they had put in a claim against the defendant for the damages and that they had sent plaintiffs a copy of the letter,

which the plaintiffs had lost. Plaintiffs' witness, however, testified that a copy which was shown him and which was introduced in evidence by the defendant was to the best of his recollection about what his copy contained. This letter, when introduced by the defendant, showed that it was written on January 13, 1913. The hogs reached the stock yards so as to be sold on January 10, 1913. This letter of January 13th making claim against the defendant is the only attempted showing of the notice required by the tenth section of the contract, and the evidence clearly shows that this was written after the expiration of the one day time limit specified in the contract.

It is unnecessary to discuss the law on this question as it is now well settled that such a shipment as this—an interstate shipment—is governed by the Interstate Commerce Act and the construction placed thereon by the Federal courts. Our State courts have recently passed on the question in the cases hereinafter cited. The identical question was considered in a case where a similar contract provision appeared, decided by the United Stated Circuit Court of Appeals for the Eighth Circuit (Clegg v. St. Louis & S. F. R. Co., 203 Fed. 971) and the contract provision (requiring notice to be given within one day after the delivery of the stock at destination) was upheld. The giving of the required notice was a condition precedent to recovery. This the plaintiffs failed to show; indeed, the evidence shows without controversy that such notice as was required was not given. The railway company is subject only to the liability imposed by this contract, and the decisions of our State uniformly so hold. [See Joseph v. Railroad, 175 Mo. App. 18, 157 S. W. 837, and Hamilton v. Railroad, 177 Mo. App. 145, 164 S. W. 248, and cases cited.] The plaintiffs failed to make out their case and the jury should have been so instructed. The judgment is reversed. *Robertson, P. J.,* and *Sturgis, J.,* concur.