BY THE

### ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1916.

---

GEORGE H. BANAKA, Respondent, v. THE MIS-
SOURI PACIFIC RAILWAY CO., Appellant.

**Kansas City Court of Appeals, March 6, 1916.**

1. **CARRIERS OF GOODS: Damages: Interstate Shipment: No-
tice of Loss: Waiver.** An interstate carrier cannot waive the
provisions of a contract of shipment requiring the shipper to
give notice of loss or damage, within a specified time.

2. ———: ———: **Order of Commission: Prior Shipments.**
An order of the Interstate Commerce Commission permitting
common carriers in certain parts of the country to suspend, or
waive, for a certain time, the enforcement of a provision in
bills of lading requiring notice of loss of property to be given
by the shipper will not apply against the carrier to shipments
and losses occurring before the order was made.

3. ———: ———: ———: **Judicial Notice: Reports: Plead-
ing and Proof.** An order of the Interstate Commerce Commis-
sion permitting common carriers to waive provisions in bills of
lading for notice of loss cannot be noticed judicially by the
courts, although the order is referred to and construed in a
case reported in the reports of the Interstate Commerce Com-
mission. The order should be pleaded and proven.

4. ———. In all matters arising under the Interstate Commerce
Act of Congress, the rulings of the Supreme Court of the United
States must be followed by the State courts.

193 App.]                    (345)

Appeal from Jackson Circuit Court.—*Hon. John G. Paxton,* Special Judge.

REVERSED.

*White, Hackney & Lyons* for appellant.

*Batson & Richards* for respondent.

ELLISON, P. J.—Plaintiff's action is for loss of household goods shipped over defendant's road from a point in the State of Kansas to a point in the State of Idaho. The judgment in the trial court was in his favor.

The goods were shipped under the provisions of a written bill of lading wherein it was stipulated that any claim for loss or damage should be made in writing within four months after delivery of the property to defendant as carrier, and in case of failure to deliver such goods to the consignee within four months after a reasonable time for delivery elapses.

The shipment was made on the 7th of January, 1910. No notice was given and this suit was not brought until October, 1913, being nearly three years after the shipment. The shipment being interstate, the provision as to notice was valid. [Dunlap v. Railroad, 187 Mo. App. 201; Grain Co. v. Railroad, 177 Mo. 194; Joseph v. Railroad, 175 Mo. App. 18; Clegg v. Railroad, 203 Fed. Rep. 971.]

But plaintiff relies upon a waiver of the notice by conduct. That is to say, defendant, by its acts and conduct waived its privileges with respect to notice in this, that it accepted and received plaintiff's claim without protest or complaint, after the limitation of four months had expired and that it treated with plaintiff since four months after a reasonable time for delivery had expired, and declined to pay on other grounds than want of notice.

The Federal Commerce Act is designed to prevent discrimination between shippers, and its object is to nullify any device whereby the carrier may practice favoritism between them. In deciding that a carrier could not waive a limitation in regard to the time in which a suit for certain overcharges should be brought, the Supreme Court of the United States said that "to permit a railroad company to plead the Statute of Limitations as against some and to waive it as against others would be to prefer some and discriminate against others in violation of the terms of the Commerce Act which forbids all devices by which such results may be accomplished. The prohibitions of the statute against unjust discrimination relate not only to inequality of charges and inequality of facilities, but also to the giving of preferences by means of consent judgments or the waiver of defenses open to the carrier." [Phillips v. Grand Trunk Ry., 236 U. S. 662, 667.] Under this rule of equality we think a carrier cannot say to one shipper I will enforce the burdensome terms of our contract requiring notice in a specified time, and to another, I will release you from the same provisions in the same character of contract. We do not say that a situation might not exist whereby a shipper would be relieved of the necessity of giving notice of loss, but we do say that a carrier may not, by his voluntary act, release one and hold the other.

But it is insisted that the Interstate Commerce Commission made an order permitting interstate carriers to suspend or waive the provision of the shipping contract requiring notice, and a decision of that body to that effect has been furnished us since the submission of this cause. [29 I. C. C. 417.] We may remark in passing that that order and the opinion thereon, discloses that the carriers and the commission construed the statute as prohibiting waivers of the contractual provisions as to notice.

There are, however, two reasons why we cannot allow the order made by the Commission to affect the case before us. One is that this cause of action arose and this action was begun before the order was made. Whether defendant's activities as an interstate carrier are bound and controlled by that order has not been determined. No question as to such order was raised or mentioned in the pleadings or evidence in the trial court, and it can have no consideration, brought up, as it is, for the first time since the submission of the cause in this court. It is a matter of which we cannot have judicial knowledge although published in the reports of the Interstate Commerce Commission; such reports, when applicable, should be put in evidence. [Robinson v. Balt. & Ohio R. R., 222 U. S. 506, 511.]

The case of Doster & McKibben v. Mich. Cent. R. R., decided by the Illinois Court of Appeals (not yet reported) was before the decision in Phillips v. Grand Trunk Ry., 236 U. S. 662; wherein, as we have already seen, the Federal statute is held to forbid, not only inequality of rates, charges and facilities, but *also,* preferences by means of a waiver of defenses open to the carrier.

We have been cited to several cases from our Supreme Court and the Courts of Appeals on the subject of waiver; but these cases are not decided on the interstate commerce statute. Such statute and the decisions thereon by the Supreme Court of the United States, in all interstate commerce shipments, have superseded State laws and the decisions of the different States. "The validity of any stipulation in such a contract which involves the construction of the statute, and the validity of a limitation upon the liability thereby imposed is a Federal question to be determined under the general common law, and, as such, is withdrawn from the field of State law or legislation." [Mo. Kan. & Tex. Ry. v. Harriman, 227 U. S. 657, 672.]

In another case that court said that there was "no rational doubt but that Congress intended to take possession of the subject and supersede all State regulation with reference to it." [Adams Ex. Co. v. Croninger, 226 U. S. 491, 505-507; Dunlap v. Railroad, 187 Mo. App. l. c. 204; Joseph v. Railroad, 175 Mo. App. 18.]

It follows that the judgment should be reversed. All concur.