W. E. KEENEY, Appellee, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

**NEW TRIAL:** Specifying Error. A motion for new trial is sufficient in form which simply asserts: (a) That the verdict is not

sustained by sufficient evidence, and is contrary to the evidence and is contrary to law; and (b) that the court was in error in overruling a motion for a directed verdict, and in giving certain specified instructions, and, as reasons therefor, assigns, *by reference to the trial record only,* the same reasons which were there assigned, ample exceptions having been duly entered to all such actions by the court. (Sec. 3755, Code, 1897.)

**TRIAL:** Waiver of Error in Declining to Direct Verdict. Error in overruling a motion for a directed verdict is not waived by failure to renew the motion after the subsequent introduction of evidence *which in no wise warrants a reconsideration of said motion by the court.*

**CARRIERS:** Interstate Bill of Lading Limiting Damages. The provision of an interstate bill of lading that the carrier's liability for loss or damage *"shall be computed on the basis of the value of the property at the time and place of shipment:"*

(a) Is valid.

(b) Applies to damages arising from *delay.*

(c) Creates a measure of damages which excludes all consideration of market variations pending the transportation.

**CARRIERS:** Limitation on Filing Claims—Waiver. The provision of an interstate bill of lading that claims for damages must be filed with the carrier within a limited time may not be waived *by the carrier.*

**PLEADING:** Orders, Etc., of Interstate Commerce Commission. Whether a ruling by the Interstate Commerce Commission should be specially pleaded, *quaere.*

*Appeal from Page District Court.*—E. B. WOODRUFF, Judge.

## MAY 7, 1918.

ACTION for damages against a carrier for negligent delay in the shipment of poultry. There was a verdict for plaintiff, and the defendant appeals.—*Reversed and remanded.*

*W. D. Eaton, E. C. Eicher,* and *Scott & Peters,* for appellant.

*Earl R. Ferguson, C. R. Barnes,* and *Harry W. Shackleford,* for appellee.

EVANS, J.—In January, 1912, the plaintiff shipped to his commission merchants at New York City four carloads of live poultry. These shipments were made on different near-by dates, and originated at different towns in Iowa and Missouri. It is alleged that there was unreasonable delay in transporting such shipments, so that they were belated in their arrival at New York City; that the plaintiff suffered loss by reason of a drop in the market pending such delay, and by reason of increased expenses in caring for the poultry and increased shrinkage resulting from the delay. The shipments were all made under a uniform bill of lading, approved by, and on file with, the Interstate Commerce Commission as a part of Western Classification Number 50 and Official Classification Number 37. Under this bill of lading, a slightly reduced rate was allowed, and certain stipulations provided for limited liability. These included the following:

"No carrier is bound to transport said property by any particular train or vessel, or in time for any particular market, or otherwise than with reasonable dispatch, unless by specific agreement endorsed hereon. Every carrier shall have the right, in case of physical necessity, to forward said property by any railroad or route between the point of shipment and the point of destination; but, if such diversion shall be from a rail to a water route, the liability of the carrier shall be the same as though the entire carriage were by rail. The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the bona-fide invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment under this bill of lading, unless a lower value has been represented in writing by the shipper, or has been agreed upon or is determined by the classification or tariffs upon which the rate is based, in any of which events, such lower value shall be the maximum amount to govern such computations, whether or not such loss or damage occurs from negligence. Claims for loss,

damage, or delay must be made in writing to the carrier at
- the point of delivery or at the point of origin within four
months after delivery of the property, or, in case of failure
to make delivery, then within four months after a reasonable
time for delivery has elapsed. Unless claims are so made,
the carrier shall not be liable."

In the introduction of evidence, and in the submission
of the case to the jury, the provision of the bill of lading
as to measure of damages, requiring that it should be com-
puted on the basis of the value of the property at the *time*
and place of shipment, was ignored, and plaintiff was per-
mitted to recover for damages from a drop in the market
resulting after the date upon which the shipment should
have arrived, regardless of the question of the reduced value
of the freight as compared with the *original* value thereof at
time of shipment, plus freight paid, etc.

Furthermore, plaintiff did not make claim for loss,
damage, or delay within four months after delivery of the
property, as required by such bill of lading. The contro-
versy on this appeal revolves about these two provisions.
The plaintiff, as appellee, has also filed a motion to affirm,
which has been submitted with the case.

I. The motion to affirm is predicated
1. NEW TRIAL: upon the fact that the appeal was from an
   specifying
   error.      order overruling the motion for a new trial,
and not from the judgment. It is contended that the mo-
tion for a new trial was not sufficiently specific in its
grounds to permit a review of alleged errors committed at
the trial. The jury rendered a verdict on December 11,
1915. On the same day, the following record was made:

"Comes now the jury and return a verdict which is in
words and figures following, to wit: 'We, the jury, find in
favor of the plaintiff and we fix the amount of his recovery
at $1,688.98. C. C. Bullock, foreman.' The jury are now
discharged from further services herein. It is therefore

ordered by the court that the defendant pay the cost of this action taxed...........dollars and that execution issue therefor."

A motion for a new trial was filed by the defendant within the ten days allowed by the court. This motion, being submitted, was held under advisement by the court until the 12th day of July, 1916, when it entered an order overruling the motion. At this time, the time for appeal from the original judgment had passed. Within six months thereafter, the defendant appealed from the order overruling the motion for a new trial. It is now contended for the appellee that the defendant may not be heard on this appeal except upon the grounds stated in the motion for a new trial, and that it may not be heard even upon these, because they are too indefinite in their specification of error to comply with the rules of this court regarding the requisites of appellant's brief.

As a general proposition, it may be said that, inasmuch as the appeal is only from the order overruling the motion for a new trial, no ruling on the trial can be reviewed on this appeal unless it was within the scope of the motion for a new trial. On the other hand, all rulings made on the trial are subject to review if they were fairly included within the grounds of motion for a new trial. The motion for new trial conformed to the statute, as to grounds stated. These grounds were somewhat formal, and not very specific. The first and second grounds were that "the verdict is not sustained by sufficient evidence and is contrary to the evidence and is contrary to the law." This was in compliance with Subdivision 6 of Section 3755, Code, 1897. The sixth ground of the motion charged error in overruling the plaintiff's motion, at the close of the evidence, for a directed verdict, reference being made to the grounds of such motion as appearing in the record. This was in purported compliance with Subdivision 8 of Section 3755.

Specific objections and exceptions were made during the trial to each of twenty instructions. These were made regularly, in advance of their submission to the jury. The seventh ground of motion for a new trial charged error in submitting such instructions to the jury, specifying the same by number, "for the reasons set out in defendant's objections and exceptions now on file herein, which are hereby referred to and made a part of this motion." This was in purported compliance with Subdivision 8 of Section 3755. Other grounds were alleged, but we need not consider them. As to the grounds here set forth, we think the motion for a new trial was sufficient in form as a motion for a new trial. They fairly called in question before the trial court the rulings there complained of. If so, then such rulings are subject to review on this appeal, even though the rules of this court require greater specification of error in appellant's brief than appears from the mere statement of the motion for new trial. Inasmuch as the motion for a new trial is adequate to subject such errors to review, the appellant may, of course, resort to the record of the original proceedings for a more specific statement of the error complained of. This the appellant has done. *Mueller Lbr. Co. v. Mc-Caffrey,* 141 Iowa 730; *Williams v. Clarke County,* 143 Iowa 328. It is true that, in his original assignment of errors, the plaintiff made no reference, in terms, to the motion for a new trial; but this omission has been corrected by an amended brief.

Of course, if the instructions had not been excepted to on the trial, and in advance of their submission to the jury, quite a different question would be presented. In such event, the appellant would have no exceptions to the instructions, because the motion for a new trial was insufficient for that purpose. It is urged by the plaintiff that the defendant waived its motion for a directed verdict, for failure to renew the same after the evidence was fully

2. TRIAL: waiver of error in declining to direct verdict.

closed. It appears from the record that the defendent made its motion for a directed verdict, in the first instance, after both parties had fully rested. The motion was overruled. Thereafter, the plaintiff introduced brief testimony from one witness. Thereafter, the motion for a directed verdict was again overruled. Thereupon, the plaintiff amended his petition, presumably to conform to the testimony. The plaintiff was also called as a witness, and testified to his failure to find a letter. Thereupon, the defendant introduced a copy of the letter, which had been previously offered and rejected. It is the contention of appellee that, in order to prevent a waiver of its motion to direct, the defendant should have again renewed it. This would be making a very technical requirement. The substance of the evidence was closed before the motion was made in the first instance. It is not unusual for the trial court to permit counsel to supply oversights, both of evidence and pleadings. If every such grace extended by the court must be deemed to have the effect of overturning or waiving rulings already made, it would be an unwarranted burden upon the patience of the court. There was nothing in the additional testimony introduced which would have warranted a reconsideration by the court of the ruling already made on the defendant's motion. The failure of the defendant, therefore, to make a further formal renewal of its motion did not waive it. We shall confine our consideration of the case, therefore, to such rulings upon the trial as come fairly within the grounds of the motion for a new trial here stated. We may note in passing, also, that the plaintiff, as appellee, has little to gain at this point if our holding were otherwise. Though a judgment for costs was rendered against the defendant on the date the verdict was received, through some oversight no judgment was rendered on the verdict for the damages found therein. The judgment for costs was, of

course, appealable. But a later judgment on the verdict for the amount thereof would also be appealable.

II. It is the theory of the plaintiff, appellee, that the provision of the bill of lading pertaining to measure of damages on the basis of the value of the shipment at "the place and time" of origin has no application to a

3. Carriers: interstate bill of lading limiting damages.

case of delay where no physical damage is claimed. This, in a general way, is the theory upon which the case was submitted to the jury, and damages were allowed accordingly as for the fall of market values. The holding of the United States Supreme Court is to the contrary. *New York P. & N. R. Co. v. Peninsula Produce Exchange*, 240 U. S. 34. Concededly, this case is governed by the Interstate Commerce Act and the Carmack Amendment. In this class of cases, we are not the court of last resort, nor are we permitted to be guided by our own previous cases. Our only responsibility and concern are to conform to the holdings of the higher court. Under the holdings of that court, it is competent for the carrier to stipulate for a limited liability and a reduced rate. The terms of the bill of lading, therefore, should have been regarded on the question of measure of damages. The bill of lading provided "that the amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the bona-fide invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment under this bill of lading." Under the foregoing provision, a total loss or damage of any part of the shipment would be measured by such value at the place and time of shipment, plus freight and expenses necessarily incident to the shipment; whereas a partial loss or damage would be measured by such value less the salvage value. The effect of such provision was to fix the basic liability of the carrier by the value at the place and time of shipment,

and thereby to disregard the subsequent oscillations of the market pending the transportation. Suppose, for instance, that, after the delivery of the shipment to the carrier, and pending the reasonable time of transportation, there had been a drop in the market, and thereafter a loss of the shipment, then the liability of the carrier would still be predicated upon the value at the time and place of shipment, and not upon the reduced value resulting from a later drop in the market. On the other hand, suppose that, instead of a drop in the market, there had been a rise therein, the basic liability of the carrier would still rest upon the value at the "place and time of shipment." By Paragraph 29 of the instructions, the jury was instructed in terms that this provision of the bill of lading was binding upon the parties. Its binding character, however, was not recognized in the introduction of testimony, nor by the later instruction, Paragraph 32. This paragraph indicates concisely the general theory upon which the case was tried and submitted as to the measure of damage. By this paragraph, the jury was instructed that plaintiff's measure of damage would be "the difference between the market value of such poultry at the point of shipment on the day such poultry should have arrived at its destination if it had been transported there within a reasonable time, and the market value of such poultry at the point of shipment on the date of the first market day after the arrival of said poultry at destination."

It will be noted that, by this instruction, the trial court adopted as the basis of liability the value of the poultry at the place of shipment, but not such value at the time of shipment. The measure thus stated was contradictory to the terms of the bill of lading.

In proof of his measure of damages, the evidence introduced by plaintiff conformed to the rule laid down by the court in this instruction; nor was any evidence introduced of a measure of damages conformable to the terms of the

bill of lading. Not only was it erroneous to admit such evidence, but it was also erroneous to submit the case to the jury without any evidence in support of the proper meas· ure of damages. For want of such evidence, the defendant was entitled, upon the record, to a directed verdict, at the close of the evidence. For the same reason, its exceptions to Instruction 32 should have been sustained.

III. The plaintiff did not, within four months, make to the carrier any claim of loss or damages for delay, as required by the provision of the bill of lading above quoted.

**4. Carriers: limitation on filing claims: waiver.** That this requirement of the bill of lading was enforceable, is not here disputed. *Georgia F. & A. R. Co. v. Blish Milling Co.,* 241 U. S. 190; *St. Louis, I. M. & So. R. Co. v. Starbird,* 243 U. S. 592; *Chesapeake & Ohio R. Co. v. McLaughlin,* 242 U. S. 142. The plaintiff pleaded a waiver of this provision, and introduced evidence in support of his pleading. The question argued at this point is whether the carrier *could* waive this provision. The cases last cited held to the negative. It is urged for appellee that these cases so held by way of dictum only. Strictly speaking, this is true. But, in view of its consistency with the recognition which has been given in other respects to the limited liability provisions of the bill of lading, the dictum so clearly foreshadows the views of the court that we are constrained to recognize the same as authority.

**5. Pleading: orders, etc., of Interstate Commerce Commission.** The plaintiff's special reliance at this point in argument is put upon a ruling of the Interstate Commerce Commission under date of February, 1914, pertaining to the subject of waiver of this particular provision of the uniform bill of lading, and recommending that such waiver be made, in the interest of uniformity of practice. The appellee brings this ruling before us purely as a citation in his brief. He did not plead it nor introduce it in evidence. It was recently held

by the Missouri Court of Appeals in *Banaka v. Missouri Pac. R. Co.,* 193 Mo. App. 345 (186 S. W. 7), that no recognition could be given by the appellate court to an order of the Interstate Commerce Commission unless it were made to appear in the record on appeal that such order was properly brought to the attention of the trial court. There is substantial reason for such a holding where the appellate court is confined to a review of the rulings of the trial court. That such a rule may be invoked against an appellant who is seeking a reversal of the judgment below, seems clear. Whether it should be invoked as against an appellee who is sustaining the judgment below is not so clear. We have frequently held that, where reliance is had upon the statutes or decisions of another state, as affecting the rights of parties to a litigation in the courts of this state, the statutes and decisions so relied on must be pleaded and put in evidence. Our holding in that class of cases bears some analogy to the holding of the Missouri court in relation to the order promulgated by the Interstate Commerce Commission. In view of the necessary reversal of the case on the grounds stated in the second division hereof, we have no real occasion to pass upon this question now. In the event of a new trial, it can be wholly eliminated from the case, without undue burden to the appellee.

We had occasion to consider the effect of such ruling of the Interstate Commerce Commission in the recent case of *Emery & Co. v. Wabash R. Co.,* 183 Iowa 687. In that case, there was both pleading and proof. For the reason indicated, the judgment below must be reversed.—*Reversed and remanded.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.