MOUNT ARBOR NURSERIES, A CORPORATION, RESPONDENT, v. AMERICAN RAILWAY EXPRESS COMPANY, A CORPORATION, APPELLANT.*

St. Louis Court of Appeals. Opinion filed January 10, 1928.

242

*Corpus Juris-Cyc. References: Carriers, 10CJ, p. 329, n. 8 New; p. 337, n. 29 New; p. 340, n. 72.

*Hostetter & Haley* for appellant.

*Ras Pearson* and *F. D. Wilkins* for respondent.

BENNICK, C.—This action was instituted by plaintiff, the consignor, to recover from defendant the sum of $212, the alleged value of an interstate shipment of merchandise which the latter failed and neglected to deliver to the consignee. A jury was waived by the parties, and the cause tried before the court alone, resulting in a finding and judgment in favor of plaintiff for the full amount sued for, from which defendant has duly appealed.

Suffice it to say of the pleadings that they are all in conventional form, and are immaterial upon the issue here presented, save for the allegation in the answer that the claim referred to in plaintiff's petition was not filed with defendant within six months and fifteen days after the date of the shipment mentioned, and was, therefore, barred.

The evidence disclosed that the shipment in question was made on January 25, 1923, from Shenandoah, Iowa, to a customer of plaintiff company in Kittrell, North Carolina, and that a period of from five to ten days would have been a reasonable time for the delivery of same to the consignee. The court specifically found that no delivery of the shipment was made by defendant, but that the same was lost *in transit*, and that plaintiff did not give defendant written notice of its claim within the period of six months and fifteen days.

The law of the case, as declared by the lower court in its finding, was that defendant, having received the merchandise for shipment to its destination, having issued its receipt and bill of lading therefor, and having neglected and failed to make delivery for the reason that the merchandise was lost *in transit*, became liable to the plaintiff for the reasonable value thereof; and that the loss and damage herein sued for did not fall within the classification of claims which must be made in writing to the carrier within six months and fifteen days after the

date of shipment as a condition precedent to recovery, but that this class of loss was excepted from said requirement.

As the case comes to us, the sole question for our determination is whether plaintiff's right to recover for the loss incurred by reason of the nondelivery of the shipment in question may be made to depend upon the timely filing by it of a claim in writing, as required by the provisions of the bill of lading in the event of "failure to make delivery," or whether the facts of this case bring it within that class of claims as to which no notice is required.

Section 7 of the uniform express receipt, in effect at the time of shipment, and issued by defendant to plaintiff, reads as follows:

"Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged *in transit* by carelessness or negligence, as conditions precedent to recovery claims must be made in writing to the originating or delivering carriers within six months after delivery of the property, or, in case 'of failure to make delivery, then within six months and fifteen days after date of shipment; and suits for loss, damage, or delay shall be instituted only within two years and one day after the date when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof."

It will be observed that the language employed in the above receipt with reference to the classes of claims as to which the giving of notice is not required was taken almost bodily from the text of certain *provisos* of the Cummins Amendment (Act of March 4, 1915, 38 Stat. 1196, 1197, ch. 176) to the Interstate Commerce Act (Act of February 4, 1887, 24 Stat. 379, ch. 104, as amended by section 7 of the Act of June 29, 1906, 34 Stat. 584, 593, ch. 3591), which were interpreted by the United States Supreme Court in the case of Barrett v. Van Pelt, 268 U. S. 85, 69 L. Ed. 857, 45 S. Ct. 437, to read as follows:

"Provided further, That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded or damage *in transit* by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

As construed by the United States Supreme Court (Davis v. Roper Lumber Co., 269 U. S. 158, 70 L. Ed. 209, 46 S. Ct. 28), the last *proviso* above, dispensing with the necessity for notice, embraces three classes of claims: First, loss, damage, or injury due to delay; second, damage while being loaded or unloaded; and, third, damage *in transit*. It has also been held that the qualification respecting "carelessness or

negligence'' is an element in each of the cases of loss, damage, or injury therein specified, subject, however, to such limitation as we shall have occasion hereafter to discuss.

It would seem upon a casual consideration of the facts of this case that it was clearly one of ''failure to make delivery,'' so that the filing of a claim in writing by plaintiff, within six months and fifteen days after the date of shipment, would have been a condition precedent to its right to recover. However, learned counsel for plaintiff argue (and the lower court seems to have taken the same view), that the case of total loss before us falls rather within the classification of ''damage *in transit* by carelessness or negligence,'' in consequence of which, under the provisions of the statute, as well as of section 7 of the uniform express receipt, the filing of a written claim was unnecessary.

This argument, while ingenious, fails to take into consideration the meaning which must undoubtedly be given to the phrase, ''failure to make delivery,'' as the same is used in the shipping contract. Counsel concede that it has been held that claims for misdelivery are covered by such phrase, and do not fall in the class defined as ''damage *in transit,*'' but suggest that nondelivery and misdelivery may not be placed in the same category, but are separate and distinct. As we read the opinion of the United States Supreme Court in the case of Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co., 241 U. S. 190, 60 L. Ed. 948, 36 S. Ct. 541, such distinction cannot be made. It was there held, in effect, that a ''failure to make delivery'' was a failure on the part of the carrier to make the delivery required by the contract, and that such provision of the bill of lading, when given its fair meaning, included all cases of failure to make delivery, and was equally applicable, whether the claim arose by reason of a misdelivery, or from the fact that the goods had been lost or destroyed, as is the situation here.

But there is yet another consideration of importance which discloses that a mere showing of nondelivery, as is made here, does not make a case for ''damage *in transit,*'' so as to obviate the necessity for the giving of timely notice. It will be recalled that proof of carelessness or negligence is an essential element in each class of claims covered by the last *proviso* of the amendment. The question naturally arises as to what degree of proof of negligence would be required from the shipper. Manifestly, evidence showing a delivery of goods to the carrier, and nondelivery by it, would always afford a presumption of negligence, subject to be explained away or rebutted by the carrier. It has been expressly held, however, that the phrase, ''by carelessness or negligence,'' as used in the Cummins Amendment in exempting shippers from the necessity of giving written notice of their claims for damage, has no reference to the presumption of negligence arising from the mere fact of nondelivery; that, if the statute should

be given such meaning, every case of loss would be one of presumed negligence, and proof of written notice of claim for damage would always be dispensed with, thus defeating the plain purpose of the law; and that, consequently, what is meant is not a rule of liability without fault, but rather negligence in fact, or actual negligence as distinguished from presumptive negligence. [Chesapeake & Ohio Railway Co. v. Thompson Mfg. Co., 270 U. S. 416, 70 L. Ed. 659, 46 S. Ct. 318.]

Finally, we take it that whatever doubt may have heretofore existed as to the necessity for the timely filing of a claim as a condition precedent to the right to recover for damage sustained by reason of the nondelivery of a shipment has been dispelled by the memorandum opinion of the United States Supreme Court in the case of American Railway Express Co. v. Krieger, 71 L. Ed. (Adv. 548), 47 S. Ct. 474, reversing the judgment of the Supreme Court of Tennessee. We have been favored by counsel with a typewritten copy of the opinion of the State court (the same apparently not having been ordered published), and find that such court had for decision a case very similar to the one before us, in that the shipment therein involved had been lost *in transit*, and had never been delivered to the consignee, and no written claim had been timely filed. The Supreme Court of Tennessee took the erroneous view that the presumption of negligence arising from the fact of nondelivery was such negligence as the statute contemplated, in view of which the carrier was not permitted to require notice or filing of claim from the shipper. In reversing the judgment rendered upon such reasoning, and in giving as the authority therefor their opinions which we have cited and discussed herein, it is apparent that the United States Supreme Court took the view that a case of nondelivery was a "failure to make delivery," so that the filing of a claim in writing, within a period of six months and fifteen days after date of shipment, was a condition precedent to a recovery.

Plaintiff makes the final suggestion that its failure to have given a timely written notice cannot bar its recovery, inasmuch as it gave a verbal notice to defendant within the time specified in the uniform express receipt, which defendant accepted, and under which it began its investigation. Suffice it to say of this point that it is a written notice which the law expressly requires, conceding that the same need not be given in any particular form (Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co., supra) ; and that, in addition, the prohibition against unjust discrimination between shippers precludes the waiver by a carrier of defenses available to it, such as the failure of a claimant to have given timely notice in writing. [A. J. Phillips Co. v. Grand Trunk W. Ry. Co., 236 U. S. 662, 59 L. Ed. 774, 35 S. Ct. 444; Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co., supra; Banaka v. Mo. Pac. R. Co., 193 Mo. App. 345, 186 S. W. 7; Kemper

Milling Co. v. Mo. Pac. R. Co., 193 Mo. App. 466, 186 S. W. 8; Johnson v. Mo. Pac. R. Co. (Mo. App.), 187 S. W. 282; Cunningham v. Mo. Pac. R. Co. (Mo. App.), 219 S. W. 1003; Barton v. Louisville & N. R. Co. (Mo. App.), 196 S. W. 379; Cudahy Packing Co. v. Chicago & N. W. Ry. Co. (Mo. App.), 201 S. W. 596.]

In view of the holdings of the cases herein cited, and upon their authority, it follows that defendant's requested peremptory declaration of law in the nature of a demurrer to all the evidence should have been given. Accordingly, the Commissioner recommends that the judgment of the Louisiana Court of Common Pleas be reversed.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the Louisiana Court of Common Pleas is, accordingly, reversed. *Daues, P. J., Becker* and *Nipper, JJ.,* concur.

