**PRODUCERS CREAMERY CO. OF CABOOL, MO. v. ST. LOUIS–SAN FRANCISCO RY. CO. et al.**
**et al.**
**No. 778.**

United States District Court
W. D. Missouri, S. D.
Nov. 30, 1948.

Wm. P. Sanford of the firm of Miller & Fairman, all of Springfield, Mo., for plaintiff.

Mann & Mann, of Springfield, Mo., for defendant.

REEVES, Chief Judge.

In conformity with the provisions of subdivision (b) of Rule 56 Federal Rules of Civil Procedure, 28 U.S.C.A., the co-defendant, St. Louis-San Francisco Railway Company, has filed its motion for a summary judgment in its favor. The basis for such motion is that it is jointly sued with the Illinois Central Railroad Company, and that the averments of the complaint are such as to show that whatever damages accrued to plaintiff were caused solely by the alleged negligence of the last named defendant.

By reference to paragraph (11), Section 20, Title 49 U.S.C.A. relating to the general subject of "Transportation" and particularly to the "Liability of initial carrier for loss", it is to be noted that:

"Any * * * railroad * * * receiving property for transportation from a point in one State * * * to a point in another State, * * * shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, * * * to which such property may be delivered or over whose line or lines such property may pass * * *."

This provision fixes liability upon the initial carrier although the negligence of a connecting carrier may have been wholly responsible for the loss or damage. In construing this statute the St. Louis Court of Appeals, in Dietz v. Southern Pac. R. Co. et al., 225 Mo.App. 39, loc. cit. 48, 28 S.W.2d 395, 398, specifically said:

"Under the practice in our state, since the initial carrier is liable no matter where the loss occurs, it and the succeeding carrier who actually causes the loss may be sued jointly in the same action to recover therefor, and a joint recovery may be had."

Many cases were cited in support of this pronouncement. Moreover, the initial carrier has its remedy against the connecting carrier as provided by paragraph (12) of said Section 20, 49 U.S.C.A., as follows:

"The * * * carrier, * * * issuing such receipt or bill of lading, * * * shall be entitled to recover from the common carrier * * * on whose line the loss, damage, or injury shall have been sustained, the amount of such loss * * * as it may be required to pay to the owners of such property, * * *." See also Keystone Motor Freight Lines v. Brannon-Signaigo C. Co., 5 Cir., 115 F.2d 736, loc. cit. 740.

In view of the above the motion for a summary judgment should be and the same will be overruled.