John S. SCHNEIDER and Tony E. Schneider, copartners, doing business as the Jefferson County Record, Plaintiffs-Respondents,

v.

CAMPBELL 66 EXPRESS, INC., Defendant-Appellant,

C. E. S. Truck Lines, Inc., Defendant-Respondent.

No. 30213.

St. Louis Court of Appeals.

Missouri.

May 19, 1959.

William C. Dannevik, Jr., Springfield, for appellant-defendant.

Dearing, Richeson & Weier, Will B. Dearing, Hillsboro, for respondents-plaintiffs.

SAMUEL A. DEW, Special Commissioner.

Plaintiffs-respondents brought this action against the defendant-appellant and the defendant-respondent C. E. S. Truck Lines, Inc., both common carriers, to recover $5,500 in damages to a dismantled printing press, sustained while being trans-

ported by truck and trailer in an interstate shipment. At the close of the plaintiffs' evidence, the court overruled the motion of the defendant-appellant for a directed verdict, but sustained a similar motion of the defendant-respondent, as to which the petition was then dismissed. The final verdict and judgment in the case were in favor of the plaintiffs-respondents and against the defendant-appellant in the sum of $5,500, from which the latter has taken this appeal. The defendant-respondent C. E. S. Truck Lines, Inc. has filed no brief in the appeal, nor otherwise participated in it.

For convenience, the plaintiffs-respondents will be referred to herein as the respondents, the defendant-appellant as the appellant, and the defendant-respondent as the defendant C. E. S. Truck Lines, Inc.

The petition alleged that the respondents purchased from one William S. Evans, a used printing press located at McComb, Mississippi, for the price of $13,000 to be dismantled by the seller and by him loaded for shipment to the respondents by truck and trailer at Hillsboro, Missouri; that accordingly the press was dismantled, loaded and delivered in good condition to the appellant, a common carrier for hire at McComb, Mississippi, which accepted the same and, in consideration of a charge of $293.76, agreed to transport it safely to said destination and deliver it to respondents as consignees; but that the defendants failed to deliver the press well and safely as agreed, and upon arrival the press and the operating parts were found to be broken and damaged while in transit and while in the exclusive possession of the defendants, common carriers, their agents and servants. It is alleged that the respondents do not know what caused the damage aforesaid, such information being peculiarly within the knowledge of the defendants. It is averred that the press had a value of $13,000 when delivered to defendants, and, as a result of the breakage and damage sustained in transit, it had, upon arrival at Hillsboro, Missouri, a rea-

sonable value of $7,500. The prayer was for judgment in the sum of $5,500.

The answers were separate and in the nature of specific denials of the allegations of liability. Appellant denied that respondents were the real parties in interest. Neither defendant, in its answer, charged that the damage, if any, was caused solely by the negligence of the other.

According to the evidence of the respondents, they purchased for $13,000 a used Model A Duplex Printing Press in April, 1955, from William S. Evans Company, which press was located at McComb, Mississippi, paying at that time $7,800 on the purchase price, the balance being paid upon delivery to respondents at Hillsboro, Missouri, in May, 1955. Pursuant to the agreement of purchase, the seller carefully dismantled the press and skillfully loaded it and its operating parts in good condition in the appellant's trailer, consigned to be transported by truck to the respondents at Hillsboro, Missouri, as per way bill issued by the appellant. The seal attached to the door of the trailer, after the press was loaded, was broken by the appellant before leaving the point of shipment. When the trailer arrived at respondents' place of business in Hillsboro, Missouri, it was being hauled by defendant C. E. S. Truck Lines, Inc. Upon opening the door of the trailer it was found that the parts of the dismantled press were not in the position in which they had been loaded and one of the cross-heads, which was a vital part of the press and weighing three or four hundred pounds, had been broken into two pieces. There was evidence that thereafter the respondents had the cross-head welded and were using it, but that the breakage caused the whole assembly to run out of line and to wear unevenly. There was testimony that the press was reasonably worth only $5,500 when delivered to respondents. There was also evidence tending to show that the seal of the truck had again been broken and another attached at Jackson, Mississippi, and that it had still another seal when arriving at the

destination. There was evidence that none of the seals had been broken by the defendant C. E. S. Truck Lines, Inc.

Testifying in behalf of appellant, its terminal manager at McComb, Mississippi, was permitted to state that the bill of lading issued to the respondents did not entitle them to the exclusive use of the trailer, and that other forms of bills of lading were necessary for that privilege. He said the original seal was broken because the top of the door of the trailer was not fastened. He said, however, that he did not know of any right reserved by his company to break a seal under the terms of the way bill issued. Appellant's terminal manager at Jackson, Mississippi, testified that the seal of the truck was broken at that point by appellant's agent in order to repair the lights on the trailer, after which a new seal was attached. He said nothing was taken from or added to the contents of the trailer. At St. Louis, the appellant delivered the trailer to the defendant C. E. S. Truck Lines, Inc. for transportation from that point to destination. Interrogatories were introduced by respondents to show admission by one of appellant's witnesses that the seal was broken at Jackson, Mississippi, in order to see if the trailer would accommodate additional freight. A witness familiar with the press in question testified that the efficiency of the press had not been affected by the breakage, since it had been repaired.

▆▆ Appellant's first point of error is that the court erred in sustaining the motion of the defendant C. E. S. Truck Lines, Inc. for a directed verdict at the close of the plaintiffs' case and in dismissing the petition as to that defendant. Under that assignment appellant asserts (1) That such ruling was, in effect, a finding that the evidence was insufficient in law to prove C. E. S. Truck Lines, Inc. guilty of causing the damage to the shipment and was a finding that appellant was solely at fault; (2) That since respondents' evidence showed the shipment was delivered to the initial carrier in this case in good condition and

was found damaged upon delivery by the delivering carrier, and no proof being supplied as to which carrier was negligent, a rebuttable presumption arose under the law that the damage occurred while the shipment was in the possession of the delivering carrier; (3) That the petition should not have been dismissed as to defendant C. E. S. Truck Lines, Inc., the delivering carrier, until or unless it had rebutted that presumption. Appellant points out that the present proceeding is a joint action against the defendants.

Appellant concedes that under the Carmack Amendment to the Interstate Commerce Act (49 U.S.C.A. § 20(11)) and other authorities cited, a case was established against it by the respondents' evidence, but claims that such liability in no way abrogated or changed the further rebuttable presumption of law that, under the showing here made, the damage occurred while the property was in the possession of the last or delivering carrier, which was dismissed by the court without such presumption having been rebutted.

The respondents firmly maintain that appellant is not permitted under the established practice to complain of the ruling of the court sustaining the motion of its codefendant C. E. S. Truck Lines, Inc. for a directed verdict at the close of plaintiffs' evidence. In fact, respondents decline in their brief to discuss the merits of that issue. In support of their reliance upon such general rule of law, respondents cite and quote from Brickell v. Fleming, Mo. Sup., 281 S.W. 951. In that case, which was a tort action, the appellants, on appeal, claimed error in the action of the court in sustaining a demurrer to the plaintiff's evidence interposed by the other joint defendant. At page 953 the court quoted from its opinion in a previous case, Leighton v. Davis, Mo.Sup., 260 S.W. 986, 989, in part as follows: " 'If the plaintiff sustained injuries as the result of the joint negligence of the defendants, they were jointly and severally liable in damages to him, and, if the court erred in

giving this instruction, the plaintiff is the only one prejudiced thereby and the only one entitled to complain of the error.'

"See, also, Clark v. [St. Louis & S. Ry.] Co., 234 Mo. 396, 424, 137 S.W. 583, and cases cited. We need not, therefore, inquire into the propriety of the court's action in giving this instruction. The appellants have no right to complain of the action of the court in sustaining the demurrer."

That such a general rule has long been recognized is verified by numerous precedents. See State ex rel. Cunningham v. Haid, 328 Mo. 208, 40 S.W.2d 1048, 1050, and cases cited; Clark v. St. Louis & S. Ry. Co., 234 Mo. 396, 424, 137 S.W. 583. It is, therefore, evident that if, because of that general rule of law, the appellant may not be permitted to complain on appeal of such dismissal of its codefendant at the close of plaintiffs' evidence, this court cannot make it a proper issue here by considering it.

The general rule above discussed is, however, not without exception. To avoid its application the appellant here claims, and of course must establish, that the dismissal as to its codefendant affected the appellant's liability or right of defense. It was said in Kelly v. Laclede Real Estate & Investment Co., 348 Mo. 407, 430, 155 S.W.2d 90, 98, 138 A.L.R. 1065: "The rule is that a defendant can complain of instructions given at the request of a codefendant which affect the question of his liability to plaintiff." (Citations.) See, also, State ex rel. Nevins v. Hughes, 347 Mo. 968, 149 S.W.2d 836; Biggs v. Crosswhite, 240 Mo.App. 1171, 225 S.W.2d 514, 520. Thus it becomes necessary to consider the merits of the point herein raised by the appellant despite the general rule relied on by respondents.

An action such as the one at bar is grounded on the carrier's common-law liability. It is conceded that respondents' evidence in chief made a prima facie case against the appellant under the Carmack Amendment to the Interstate Commerce Act, supra, and Griggs v. St. Louis & H. R. Co., Mo.App., 285 S.W. 159, 160. That Amendment, creating the liability of the initial carrier under such facts as here shown did not abrogate or change the common-law rule of liability of any common carrier of the goods for loss or damage while in transit. Dillen v. Wabash R. Co., Mo.App., 294 S.W. 439, 442. Nor did the Amendment affect the rebuttable presumption of law in such cases that when goods are received in good condition by a common carrier for shipment, and are delivered at destination in a damaged condition, the damage occurred while the goods were in possession of the last or delivering carrier. Dietz v. Southern Pacific R. Co., 225 Mo.App. 39, 28 S.W.2d 395, 397, and cases therein cited. In such a case a judgment may be rendered against the initial carrier under its presumption of liability created by the Amendment, and against the last or delivering carrier under its rebuttable presumption that the damage occurred while the goods were in its hands, unless and until such latter presumption is rebutted and such delivering carrier is exonerated. A case here had been made against the appellant in plaintiffs' case in chief, and the evidence was deemed by the trial court as insufficient to sustain the presumption of liability on the part of C. E. S. Truck Lines, Inc., the delivering carrier.

Appellant had not pleaded a sole cause defense and at the close of plaintiffs' evidence it was not in a position to complain that its right of such defense was affected by the dismissal of its codefendant. Nor was the statutory right of contribution between defendants in a tort action sufficient to sustain appellant's point. Section 537.060 RSMo 1949, V.A.M.S. It has been held that such right " * * * imposes no duty whatever upon the plaintiff with respect thereto. It neither requires plaintiff to bring his action against all of the joint tort-feasors, nor does it require him to obtain a valid judgment against all whom

he does elect to sue." State ex rel. Cunningham v. Haid, supra [328 Mo. 208, 40 S.W.2d 1050]. In the state of the pleading and proof at the close of respondents' evidence in this case, the appellant was not legally "aggrieved" by the directed verdict in favor of its codefendant C. E. S. Truck Lines, Inc. and under the general rule above discussed it cannot be heard to complain of it.

■ Appellant next claims error in the giving of Instruction 2, requested by the respondents. It reads as follows:

"The Court instructs the jury that if you find in favor of the plaintiffs and against the defendant under the evidence and the other instructions given you, then in assessing their damages you will allow them such a sum as you find and believe from the evidence will fairly and reasonably compensate them for any damage done to the press while in transit from McComb, Mississippi, to Hillsboro, Missouri, and in arriving at that figure you may take into consideration the difference, if any, in the reasonable market value of said press when it was received by the defendant Campbell 66 Express, Inc., at McComb, Mississippi, and its fair and reasonable market value upon its arrival at Hillsboro, Missouri."

Appellant contends that the above instruction stated an erroneous measure of damages; that the correct measure of damages was "The difference between the fair and reasonable market value of the knocked-down printing press when it arrived at its destination in Hillsboro, Missouri, in a damaged condition and the fair and reasonable market value of the knocked-down printing press if it had arrived in an undamaged condition."

The shipment in question consisted of a dismantled printing press of a discontinued model and which had been used for 17 years at McComb, Mississippi. There was no evidence that it had any established or quoted market value either at the point of shipment or at its destination. Only two days elapsed between its acceptance for shipment and its delivery. Under such circumstances, it is fair to assume that the reasonable market value at the two points was the same during the brief period of transit. In the absence of specific market values, the reasonable market value was, under the conditions, necessarily a matter of estimate by qualified witnesses. Ross v. Chicago, R. I. & P. R. Co., 119 Mo.App. 290, 295, 95 S.W. 977; Marshall Medicine Co. v. Chicago & A. R. Co., 126 Mo.App. 455, 104 S.W. 478; American Fruit Growers v. St. Louis, B. & M. R. Co., Mo.App., 261 S.W. 949, 951; 13 C.J.S. Carriers § 264d, p. 614.

Neither was it error in the instruction to fail to describe the press as "knocked-down", since there was no dispute of the fact that at all times from the receipt of it at the point of shipment to its destination, the press was in dismantled form. Respondent John Schneider, one of the owners, testified that before the breakage the value of the press was $13,000. The seller, witness Evans, testified it was worth $5,500 when it arrived in its damaged condition. There were other estimates of its values, such as at McComb, Mississippi, before and after dismantling, and after arrival if undamaged, etc. The jury was told in the instruction that if it found the issues for plaintiffs, to allow such sum as from the evidence the jury believed would " * * fairly and reasonably compensate them for any damage done to the press *while in transit* from McComb, Mississippi to Hillsboro, Missouri", considering the values as of the time received by the appellant and when delivered to respondents. (Italics supplied.) It is unreasonable to conclude that the jury was influenced by the instruction to consider any value of the press other than while in the "knocked-down" form before and after the breakage and while in transit. The point is ruled against the appellant.

The judgment should be affirmed. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DEW, Special Commissioner, is adopted as the opinion of the Court.

The judgment of the circuit court is accordingly affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.