Tom MAY, Respondent,

v.

Theodore George BRADFORD, Appellant,
and
William W. Mann, Respondent.

No. 49400.

Supreme Court of Missouri,
Division No. 2.

July 8, 1963.

Dwight Crader, Sikeston, for appellant Bradford.

Hal E. Hunter, Jr., New Madrid, for respondent May.

Harold D. Jones, Bock & Jones, New Madrid, for respondent (Defendant) William Mann.

STORCKMAN, Presiding Judge.

The defendant Theodore George Bradford has appealed from a $25,000 judgment rendered against him and in favor of the plaintiff Tom May in an action for the wrongful death of plaintiff's wife Vivian May who died as a result of injuries received when an automobile in which she was a passenger collided with a truck. At the end of the plaintiff's case, a motion for a directed verdict was sustained as to the defendant William W. Mann. A previous judgment in favor of the plaintiff was reversed and the cause remanded for a new trial. See May v. Bradford, Mo., 348 S.W. 2d 133. On this appeal the defendant Bradford contends that the trial court erred in sustaining the defendant Mann's motion for a directed verdict and in giving two instructions offered by the plaintiff.

On September 7, 1958, Mrs. May was a passenger in the right front seat of a Buick automobile owned and being driven by the defendant Mann north on U. S. Highway 61, ⅒th of a mile south of the intersection of Route AA in Jefferson County, Missouri, at which time and place the Buick and a Ford truck being driven southwardly by the defendant Bradford collided. At the time of the collision, Bradford's Ford truck was undertaking to pass a Studebaker automobile also being driven south. Mrs. May was thrown from the Buick automobile and was found underneath the Studebaker. She died shortly thereafter.

At the place in question the highway is of concrete construction consisting of two lanes of traffic each about 10 feet in width. While the highway runs generally north and south, it is upgrade at the place of collision and curves to the west for southbound traffic. The east shoulder of the highway was about 13 feet wide and the one on the west 11 feet. There were no yellow stripes on the highway indicating a no-passing zone in the area of the accident. The casualty occurred about 11 a. m. on a clear, dry day.

There was broken glass, grass, oil, grease and other debris on the center line of the highway and scattered in both lanes of traffic. There were no skidmarks in the southbound lane of traffic. Two skidmarks on the highway made by the rear dual wheels of the truck in the northbound lane were 2 feet 6 inches east of the center line. The bed of the truck extended about 5 feet behind the rear wheels. There were skidmarks made by the Buick which measured 178 feet in length indicating that the Buick had gone almost wholly onto the east shoulder, then came back onto the pavement, and made a short arc-like skidmark in the middle of the northbound lane at the point

where the debris was on the pavement. The Buick came to rest on the east shoulder 47 feet north of the debris, the truck stopped partially in the southbound lane but mostly on the west shoulder 152 feet south of the debris, and the Studebaker was standing behind the truck.

The defendant Bradford makes no contention that the evidence of his negligence was insufficient for submission to the jury. In brief the defendant Mann testified in the plaintiff's case that he was driving about 60 miles per hour when he first saw the truck 350 to 400 feet north of him undertaking to pass the Studebaker. Mr. Mann applied his brakes immediately and went partially onto the shoulder until something, apparently a lip on the edge of the pavement, caught his wheels and turned his car back onto the pavement into a sideways skid and collision with the Ford truck. The testimony of the defendant Bradford given in his own case was to the effect that he was traveling 45 to 50 miles per hour when he undertook to pass the Studebaker; that his front wheels were about even with the rear wheels of the Studebaker when he saw the Buick approaching 1800 or 2000 feet down the road at a speed of 80 or 90 miles an hour; that he slowed down to drop behind the Studebaker but the Studebaker also slowed up so he speeded up and attempted to complete the pass; and that when the collision occurred his front wheels were in the southbound lane although the rear wheels and the rear end of the truck were in the northbound lane.

A member of the State Highway Patrol arrived at the scene shortly after the accident and testified to the physical conditions as well as statements made by the parties. Another witness, John Denton Hughey, was sitting in his automobile in a churchyard near the intersection of Route AA and U. S. Highway 61. He testified that at the time of the collision the front wheels of the Bradford truck were straddling the center line and most of the rear of the truck in the northbound lane. He estimated the speed of the truck at 60 miles an hour and the

Studebaker at 35 miles per hour. When he first saw the Buick it was approximately 100 feet from the point of impact and mostly on the shoulder. He could not estimate its speed.

The appellant Bradford contends that plaintiff's evidence considered in its most favorable light made a submissible case against the defendant Mann, and that the court erred in sustaining defendant Mann's motion for a directed verdict at the close of the plaintiff's case. When offered, the plaintiff confessed the motion and in view of that admission the court sustained it. The court then advised the jury that defendant Mann's motion "for a directed verdict in his favor was confessed or admitted by the plaintiff, and * * * defendant Mann is no longer in the lawsuit." At that time the defendant Bradford had not testified. The trial court and the parties obviously treated the event as a voluntary dismissal by the plaintiff and so shall we. Since our view is that the defendant Bradford has suffered no legal prejudice in these circumstances, we need not examine the evidence to determine if a submissible case was established against the defendant Mann at the time the motion for directed verdict was offered and sustained.

■ As a general rule a plaintiff may dismiss as to a part of the defendants at any stage of the proceedings without discharging or lessening the liability of those remaining in the case. Civil Rule 67.01, V.A.M.R.; Section 510.130, RSMo 1959, V.A.M.S.; Keyes v. Chicago, B. & Q. R. Co., 326 Mo. 236, 31 S.W.2d 50, 61 [7]; Kregain v. Blake, 292 Mo. 498, 239 S.W. 495, 500 [5]; Hunter Land & Development Co. v. Caruthersville Stave & Heading Co., 223 Mo.App. 132, 9 S.W.2d 531, 533 [2].

■ One of the defendants in a tort action cannot complain of the court's action in directing a verdict in favor of another defendant since all such defendants are jointly and severally liable. McCamley v. Union Electric Light & Power Co., Mo. App., 85 S.W.2d 200, 201[1]; Schneider v.

Campbell 66 Express, Inc., Mo.App., 324 S.W.2d 363, 366[1].

The defendant Bradford asserts that he was prejudiced by the dismissal in that the jury under the evidence could have rendered a verdict against both defendants or could have found that the defendant Mann was solely responsible. The jury found that the defendant Bradford was liable and he makes no claim that a submissible case was not made against him. He has not demonstrated that his defense or submission was adversely affected by the dismissal. See Gabelman v. Bolt, 336 Mo. 539, 80 S.W.2d 171, 172[3].

Nor is it of any avail to the defendant Bradford that the jury might have rendered a verdict against both defendants. A defendant tortfeasor has no vested right in a plaintiff's cause of action and since the statutory right of contribution between joint tortfeasors does not come into existence until a joint judgment is obtained, a plaintiff, prior to judgment, can discharge one of the joint defendants without impairing his right to prosecute his claim to judgment against the remaining defendant. Section 537.060, RSMo 1959, V.A.M.S.; State ex rel. McClure v. Dinwiddie, 358 Mo. 15, 213 S.W.2d 127, 131[9]; Schneider v. Campbell 66 Express, Inc., Mo.App., 324 S.W.2d 363, 367[5]; Judd v. Walker, 158 Mo.App. 156, 138 S.W. 655, 659[3]. The assignment of error is denied.

Defendant Bradford's next contention is that the plaintiff's verdict-directing instruction No. 1 was prejudicially erroneous in that it failed to hypothesize essential facts and circumstances concerning speed, distance, time, and the point of impact. After certain preliminary hypotheses, the instruction charged the jury that if it found that the defendant Theodore George Bradford "carelessly and negligently failed to drive his said truck in the right half of the roadway at said time and place and negligently attempted to overtake and pass the 1952 Studebaker operated by Walter Edwin Mungle when the said highway ahead at said time and place was not free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of the approaching Mann vehicle," and if the jury found that as a direct and proximate result of such negligence the collision occurred and the plaintiff's wife was fatally injured the verdict should be for the plaintiff. The grounds of negligence hypothesized in instruction No. 1 have a statutory basis.

Section 304.015, subd. 2, provides that "Upon all public roads or highways of sufficient width a vehicle shall be driven upon the right half of the roadway" with certain exceptions, among which is when overtaking and passing another vehicle proceeding in the same direction. Section 304.016, subd. 3, provides that: "Except when a roadway has been divided into three traffic lanes, no vehicle shall be driven to the left side of the center line of a highway or public road in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken."

In cases of statutory violation, it is generally sufficient to couch a verdict-directing instruction substantially in the language of the statute unless the statutory language requires construction. Miles v. Gaddy, Mo., 357 S.W.2d 897, 902[5]; Gaffner v. Alexander, Mo., 331 S.W.2d 622, 626 [2]. The meaning of the parts of §§ 304.-015 and 304.016 here involved are quite clear and do not require construction.

The instruction follows substantially the language of the statutes and is not erroneous because it does not hypothesize matters of "speed, distance, time and the point of impact." Byrd v. McGinnis, Mo., 299

S.W.2d 455, 460[5]; Cuddy v. Schenewark, Mo., 231 S.W.2d 689, 691[3].

The defendant Bradford's final point is that plaintiff's instruction No. 2 is prejudicially erroneous in that it permits the jury to consider exemplary and punitive damages which are improper elements of damage. Instruction 2 charges the jury that in fixing the damages "you may take into consideration the mitigating and aggravating circumstances, if any, attendant upon the fatal injuring of deceased and your verdict if for plaintiff will be in such sum as a whole stated in one lump sum as you believe from the evidence will represent fair and reasonable compensation for the aforesubmitted pecuniary loss so sustained, * * *."

The defendant Bradford asserts that under Civil Rules 55.21 and 71.06 exemplary or punitive damages shall be separately pleaded and assessed. This contention is without merit since the decisions of this court hold that these Civil Rules and §§ 509.200 and 510.270 have no application to proceedings under the wrongful death statutes. Contestible v. Brookshire, Mo., 355 S.W.2d 36, 41[11]; Spalding v. Robertson, 357 Mo. 37, 206 S.W.2d 517, 521[4].

If justified by the proof, "mitigating or aggravating circumstances attending the wrongful act, neglect or default" may be submitted and considered by the jury in assessing the amount of damages. Section 537.090, RSMo 1959, V.A.M.S.; Contestible v. Brookshire, Mo., 355 S.W.2d 36, 42 [13]; Spalding v. Robertson, 357 Mo. 37, 206 S.W.2d 517, 521[5]; Hertz v. McDowell, 358 Mo. 383, 214 S.W.2d 546, 551 [11]; Williams v. Excavating & Foundation Co., 230 Mo.App. 973, 93 S.W.2d 123, 127[8].

The jury could reasonably have found from the evidence that the conduct and acts of the defendant Bradford were reckless and wanton and in gross disregard of the rights and safety of the occupants of the Buick automobile and others on the highway. Mr. Bradford testified that he saw the top of the Mann automobile over an embankment inside the curve when it was 1800 to 2000 feet away before the occupants of the car could see him; he did not disclose at what point the driver of the northbound automobile could see the approaching truck. Despite this and the further fact that he was operating a 9000-pound truck with a load of water weighing 24,000 pounds, the defendant Bradford persisted in his attempt to pass the Studebaker on the upgrade curve, and when the collision occurred he had the northbound lane substantially blocked. This and other evidence tended to show aggravating circumstances within the meaning of the statute and the court did not err in giving instruction No. 2

We have considered all of appellant Bradford's claims and find them to be without merit. Accordingly the judgment is affirmed.

All of the Judges concur.