**HORACE MANN INSURANCE COMPANY, Respondent,**

v.

**Virgil W. RILEY, Defendant, South Harrison R–11 School District, Appellant,**

and

**David L. & Janice L. Winn, Defendants.**

**WD 37917.**

Missouri Court of Appeals,
Western District.

Aug. 12, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Sept. 25, 1986.

R.A. Brown, Jr. of Brown, Douglas & Brown, St. Joseph, for appellant South Harrison R–11 School Dist.

Keith K. Couch of Couch & Pierce, Chartered, Overland Park, Kan., for respondent Horace Mann Ins. Co.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

MANFORD, Judge.

Respondent has filed a Motion to Dismiss this appeal and challenges appellant's standing to maintain the appeal from summary judgment in favor of respondent. The appeal is dismissed.

The pertinent facts are as follows:

Virgil Riley contracted with the appellant to provide a refereeing crew on September 25, 1981, for a high school football game on appellant's property. A member of Riley's crew, one David Winn, claims that he was injured in that football game as a result of a dangerous condition existing on the football field.

As a result of that injury, two actions have been filed. David Winn and his wife, Janice, have filed suit against appellant and claim that it was negligent in the maintenance of its football field. David Winn also claims that Riley was negligent in permitting the game to be played when he knew the dangerous condition existed on the field.

The second suit is the one involved herein. Riley made demand upon the respondent to provide coverage to him under a homeowner's insurance policy for the action brought by the Winns. The respondent did provide a defense to Riley while reserving its rights on the question of coverage. Respondent then initiated this declaratory judgment action to have the question of coverage resolved. Respondent included as defendants in this suit all parties in the personal injury action initiated by the Winns.

On December 6, 1985, the Honorable Kenneth Lewis sustained respondent's Motion for Summary Judgment. On January 10, 1986, appellant filed this Notice of Appeal. Neither Riley nor the Winns appeal from the summary judgment.

On February 5, 1986, respondent filed a Motion to Dismiss the appeal for the reason that appellant is not an aggrieved party within the meaning of § 512.020, RSMo 1978, and therefore has no standing to maintain an appeal. On February 21, 1986, this court ordered appellant and respondent

to brief the issue of whether appellant has standing to maintain this appeal. The parties have complied with said order and this court now takes up the sole issue of appellant's standing, or lack thereof, to maintain this appeal.

The right of appeal shall be as provided by law. Rule 81.01. The statute which governs the right to appeal is § 512.020, RSMo 1978, which states:

Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any final judgment in the case ...

The only issue disputed by the parties as regards standing is whether appellant is aggrieved by the summary judgment denying insurance coverage to Riley.

■ For the purpose of appeal from a judgment, a party is "aggrieved" when the judgment operates prejudicially and directly on his personal or property rights or interests and such effect is immediate and not merely a possible remote consequence. *Harris v. Union Electric Co.*, 685 S.W.2d 607, 611 (Mo.App.1985), and *Hertz Corp. v. State Tax Comm'n.*, 528 S.W.2d 952, 954 (Mo. banc 1975).

Appellant argues that the summary judgment operates prejudicially and directly upon its pecuniary rights and interests because if appellant and Riley are found to be liable as joint tort-feasors and if the judgment against Riley is uncollectable, then under the rule of joint and several liability appellant may be responsible for an amount which may be disproportionate to its liability.

This court is not persuaded by appellant's argument. Although there are no Missouri cases directly on point, our courts have consistently held that a defendant in a civil suit is not aggrieved, within the meaning of § 512.020, by the dismissal of a co-defendant. In *Schneider v. Campbell 66 Express, Inc.*, 324 S.W.2d 363 (Mo.App. 1959), a defendant attempted to appeal the court's order granting a directed verdict for a co-defendant. In its determination that the defendant (appellant therein) was not aggrieved, the court stated:

Nor was the statutory right of contribution between defendants in a tort action sufficient to sustain appellant's point. It has been held that such right " ... imposes no duty whatever upon the plaintiff with respect thereto. It neither requires plaintiff to bring his action against all of the joint tort-feasors, nor does it require him to obtain a valid judgment against all whom he does elect to sue." (citations omitted.) *Id.* at 367–68.

Appellant's argument herein is even less persuasive than that posed by the appellant in *Schneider* because in the present action, Riley (co-defendant) has not been dismissed as a party and if the Winns are to obtain a judgment against both as joint tort-feasors, the judgment is good as against Riley, and appellant herein would have a right to seek contribution from Riley.

■ The possibility that (1) the Winns will obtain a judgment against both Riley and appellant as joint tort-feasors, (2) the Winns will look to appellant to satisfy the judgment in an amount disproportionate to its apportioned liability, and (3) the appellant will be unable to obtain contribution from Riley, is too remote for appellant to have been aggrieved by the summary judgment obtained by respondent herein.

■ Appellant further argues that because respondent joined appellant as an indispensable party in its declaratory action against Riley, it cannot now claim that appellant is not aggrieved by the summary judgment. This court does not agree with appellant.

Section 527.110, RSMo 1978, states in part:

When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, ...

Respondent does not argue that appellant's claimed interest is not affected by the declaratory action, but that under § 512.020, any effect the summary judgment may have must be more than remote and indirect.

The appeal is dismissed.

All concur.