**SHELTER MUTUAL INSURANCE COMPANY, Respondent,**

v.

**Ronald and Patricia BRIGGS, et al., Appellants.**

**No. 72353.**

Supreme Court of Missouri, En Banc.

July 31, 1990.

James P. Leonard, St. Louis, for appellants.

Duane E. Schreimann, Gerald E. Roark, Jefferson City, for respondent.

RENDLEN, Judge.

This cause was transferred after opinion by the Missouri Court of Appeals, Western District that we might decide whether a tort claimant who was made party defendant to the insurer's separately filed declaratory judgment action has standing to appeal from a judgment adverse to the insured when the insured did not pursue an appeal. Determining the cause as on original appeal, Mo. Const. art. V, § 10, we answer this question in the affirmative and retransfer to the court of appeals with instructions.

The cause arises from the collision of two boats on the Lake of the Ozarks on July 4, 1986, resulting in the death of Angela Briggs, a minor, and serious injury to Brandy Briggs, also a minor. One of the boats involved was operated by Thomas Stegeman, who was named defendant to a wrongful death action filed by Ronald and Patricia Briggs, parents of Angela Briggs, and a tort action brought on behalf of Brandy Briggs by her mother, Kathy Briggs. Stegeman, a named insured under two insurance policies issued by respondent Shelter Mutual Insurance Company (Shelter), demanded that Shelter settle claims and defend the resulting lawsuits. Shelter,

asserting Stegeman's insurance was limited to another boat not involved in the collision, denied coverage and brought this declaratory judgment action to determine the extent of coverage, naming as defendants Stegeman and all boat passengers involved in the collision (including Ronald, Patricia and Brandy Briggs) who were deemed to have potential claims against Stegeman. The trial court, in accordance with a jury finding, ruled the boat in question was not covered by Shelter insurance, and Ronald, Patricia and Brandy Briggs appealed from the judgment, though Stegeman, who was the insurance claimant, did not appeal.[1] Shelter moved to dismiss the appeal, contending that appellants lacked standing and were not aggrieved parties within the meaning of § 512.020, RSMo 1986. The Court of Appeals, Western District granted the motion, declaring a want of standing, but contrary to that determination we find appellants have standing, and we order that the appeal be retransferred to the court of appeals for disposition of the remaining issues.

Central to the resolution of this question is the construction of § 512.020, which provides:

> Any party to a suit *aggrieved* by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction ... from any final judgment in the case.

(Emphasis added.) A party is "aggrieved" within the meaning of the statute when the judgment operates prejudicially and directly on his personal or property rights or interests and such effect is immediate and not merely a possible remote consequence. *Harris v. Union Electric Co.*, 685 S.W.2d 607, 611 (Mo.App.1985).

In a similar context, the court of appeals had occasion to construe the term "aggrieved" in *Horace Mann Insurance Co. v. Riley*, 716 S.W.2d 820 (Mo.App.1986). There the insurer brought a declaratory judgment action against Riley, the putative insured, and the local school district, Riley's co-defendant in the underlying action for personal injuries. The trial court ruled in favor of the insurance company, and though Riley and the underlying plaintiff did not appeal, his co-defendant school district filed a notice of appeal. The court of appeals, dismissing the appeal for lack of standing, held the school district was not aggrieved, thus rejecting its argument that if the school district and Riley were found to be joint tortfeasors and the judgment against Riley was uncollectable, the school district might be held responsible for an amount disproportionate to its liability. *Id.* at 822. The court found this possibility too remote for the school district to be denominated an aggrieved party. *Id.*

We find *Horace Mann* distinguishable principally because the co-defendant seeking to appeal had not yet filed a claim for contribution against the putative insured, but in the case *sub judice*, the appellants have lawsuits pending in circuit court seeking money damages from the putative insured and have thus taken affirmative steps to pursue their claims against Stegeman. To the extent that *Horace Mann* conflicts with the instant decision, it is no longer to be followed.

Shelter also relies heavily upon *State Farm Mutual Automobile Insurance Co. v. Allen*, 744 S.W.2d 782 (Mo. banc 1988), which is readily distinguishable because it does not concern the question of standing. Allen was sued by those injured in an accident when he was driving a car owned by another party, and he sought coverage under the insurance policy on his own vehicle. The insurer brought a declaratory judgment to determine coverage, naming as defendants the parties to the underlying suit, and the trial court found against it. Upon the insurer's appeal, the court of appeals reversed the finding of coverage as to Allen but reached divergent results as to the other parties' coverage under Allen's policy. This Court affirmed the trial court, holding that "a finding that Allen had no

1. Stegeman died after entry of the judgment, and though his widow, as personal representative of the estate, was ordered substituted in Stegeman's place as a party, she did not appeal.

coverage would bar claims of the other defendants against it," and the court of appeals' opinion would have countenanced "an impossible situation." *Id.* at 786. Here the danger of inconsistent judgments as perceived in *Allen* is nonexistent. Appellants here "stand in the shoes of the insured," and thus having an identity of rights with the insured, have every right to labor for his coverage. *Allen,* 744 S.W.2d at 786.

As the interests of the non-appealing party are so commingled with those of the appealing parties as to be inseparable, an appellate court may reverse the lower court's decision as to the non-appealing party. *See Davison v. Farr,* 273 S.W.2d 500 (Mo.App.1954). There is no doubt that the insured here was aggrieved by the adverse declaration that his craft was not covered, and the tort claimants, because of their relationship with him, share that aggrievement. *See Drainage District No. 1 Reformed of Stoddard County v. Matthews,* 361 Mo. 286, 234 S.W.2d 567, 574 (Mo.1950). During oral argument Shelter's counsel candidly conceded it was their position that the judgment in the trial court was intended to bind appellants and this was their purpose in having joined them as defendants in the declaratory judgment action. Further, if the appellants were to obtain a judgment in the tort action against Shelter's insured, it is Shelter's avowed intention to raise the bar of the declaratory judgment and thwart any garnishment in aid of execution or other attempt to reach the insurance proceeds of the liability policy to satisfy such judgment. It was Shelter's plan to grieve appellants by the devices of the law and this they effectively have done.

Our decision today accords with the great majority of those from other jurisdictions having considered the issue. *E.g., Donegal Mutual Insurance Co. v. Eyler,* 360 Pa.Super. 89, 519 A.2d 1005, 1006 (Pa. Super.1987); *Worcester Insurance Co. v. Dairyland Insurance Co.,* 555 A.2d 1050, 1052 (Me.1989); *Security Insurance Co. of Hartford v. Daniels,* 70 Mich.App. 100, 245 N.W.2d 418, 422 (1976); *National Farmers Union Property & Casualty Co. v. Maca,* 26 Wis.2d 399, 132 N.W.2d 517, 519 (1965); *Dairyland Insurance Co. v. Makover,* 654 F.2d 1120, 1123 (5th Cir.1981).

The cause is retransferred to the court of appeals for disposition of the remaining issues.

BLACKMAR, C.J., ROBERTSON, HIGGINS, COVINGTON and HOLSTEIN, JJ., and MORGAN, Senior Judge, concur.

BILLINGS, J., not sitting.