**Lee HARRELL, Respondent,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS, Appellant.**

**No. WD 66748.**

Missouri Court of Appeals, Western District.

Dec. 5, 2006.

Lee Harrell, Kansas City, KS, Respondent pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for Appellant.

Before HOWARD, C.J., and SMART and EDWIN H. SMITH, JJ.

VICTOR C. HOWARD, Chief Judge.

The current case involves the classification of Respondent Lee Harrell's prior sentences as "previous commitments" for purposes of determining his parole eligibility under RSMo section 558.019.[1] Harrell sought and received a declaratory judgment ordering the Missouri Department of Corrections (MDOC) not to count his 1997 120–day treatment pursuant to section 559.115 as a "prior commitment." The MDOC appeals.

Respondent Harrell initiated this action with a department of corrections face sheet sullied by multiple instances of crime and occasional incarceration. Harrell was imprisoned on April 16, 1997, for two unrelated crimes: tampering in the first degree and burglary in the first degree. The court sentenced him to five years for each count, to be served concurrently. However, the court suspended execution of sentence and ordered a 120–day treatment pursuant to section 559.115. Harrell completed the program and was released from state custody.

Harrell was incarcerated in two more unrelated instances; on November 10, 1998, he was sentenced for a crime he committed on March 18, 1998. At this time, his probation from one of the 1997 sentences was revoked. The sentences from the 1998 crime and one of the 1997 crimes, now to be served after the probation was revoked, were to be served concurrently. While still imprisoned, Harrell pled guilty on March 5, 1999, for an offense committed on February 24, 1998. This sentence was to run concurrently with the 1997 and the other 1998 crime as well.

In 2000, Harrell was paroled. Within a year, on August 5, 2001, the State charged Harrell with tampering in the first degree and leaving the scene of an accident. In October of 2002, the trial court sentenced him to seven years for each crime, to be served concurrently. The MDOC argues Harrell must serve 80% of this sentence. Counting his 1997 incarceration as a "prior commitment," the MDOC stated Harrell had three or more "prior commitments." Harrell argues he must serve only 50%. He argues the 2003 version of the applicable Missouri statute controls and should be given retroactive effect.

After exhausting all administrative remedies, Harrell filed a petition for declaratory judgment in August of 2005 requesting that the court order his original commitment for the 120–day program not be construed as a "previous commitment." MDOC filed a motion requesting that the court dismiss the action as moot. They argued that he had four "prior commitments," even excluding the 1997 incarceration: in 1998 for probation violation; the crime he committed to violate his probation in 1998; the unrelated crime in 1999 which he received his sentence to while in custody; and his second parole revocation in 2002. Thus, Harrell would be required to serve 80% of his sentence even if the court granted his relief. The court granted Harrell summary judgment and denied MDOC's motion to dismiss the suit as moot. It held section 559.115.7 should apply retroactively and, thus, Harrell's 1997 incarceration should not be construed as a prior commitment.

The court also held the determination of the number of other prior incarcerations was not affected by this declaratory judgment. It did not rule whether Harrell would be eligible for parole after 50% or 80% of his sentence was served. It noted Harrell's "mandatory minimum prison term after recalculation excluding the April 15, 1997 incarceration is a matter for the respondent [MDOC] to calculate."

1. All citations to statutes refer to RSMo (2000) unless otherwise noted.

Section 558.019.2 limits the authority of the Board of Probation and Parole. It requires that inmates serve a minimum percent of their sentence prior to becoming eligible for parole based on the number of their "previous prison commitments to the department of corrections for felonies unrelated to the present offense." Section 558.019.2(2)-(3). A prison commitment is generally defined as "the receipt by the department of corrections of an offender after sentencing." Section 558.019.2. The statute requires those inmates who have two prior commitments to serve at least 50% of their sentence. Section 558.019.2(2). Those with three or more prior commitments must serve 80% of their sentence before becoming parole eligible. Section 558.019.2(3).

In 2003, while Harrell was incarcerated, the Missouri Legislature enacted an emergency amendment to the mandatory minimum statute. The statute reads, "[a]n offender's first incarceration for one hundred twenty days for participation in a department of corrections program prior to release on probation shall not be considered a previous prison commitment for the purpose of determining a minimum prison term under the provisions of section 558.019." Section 559.115.7 (RSMo Cum. Supp.2003). After 2003, the first 120–day commitment under section 559.115 is no longer considered "prior commitments" for purposes of determining parole eligibility.

We review the issuance of summary judgment "essentially de novo." *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Courts of Appeal give no deference to trial courts on questions of law. *Carlyle v. Mo. Dep't of Corrs.*, 184 S.W.3d 76, 79 (Mo.App. W.D.2005).

■ In its first point on appeal, MDOC argues that the trial court erred in granting Harrell's motion for summary judgment because even if the 1997 incarceration was not construed as a prior commitment, Harrell would have at least three other prior commitments and, thus, be forced to serve 80% of his 2002 sentence. It appears that MDOC argues that the trial court should not have granted summary judgment to Harrell because the issue was moot since Harrell would be forced to serve at least 80% of his sentence even if the relief he requested was granted. In its second point, MDOC argues the trial court erred in giving retroactive effect to the 2003 amendment to section 559.115.7.

MDOC's first point on appeal is not a proper issue for our review. It argues the trial court erred in granting summary judgment because Harrell had three or more convictions even excluding the 1997 incarceration. Its appellate brief states, "[t]he circuit court implicitly concluded that the two sentences for the three crimes in the two case numbers was one commitment." This statement is fallacious. The circuit court explicitly made no statement as to the number of Harrell's prior convictions. Rather it only ruled on the propriety of counting the 1997 confinement as a prior commitment. MDOC was free to recalculate Harrell's status under section 558.019.2 without counting the 1997 imprisonment as a prior commitment.

■ Appellants may seek redress in this court only regarding issues for which they are aggrieved. Section 512.020. The declaratory judgment entered does not affect MDOC's ability to determine Harrell's status under section 558.019. Parties may be aggrieved as to some issues but not to others. *See Lesser v. Rubin*, 548 S.W.2d 860, 863 (Mo.App.1977). The lower court did not decide if Harrell must serve 50% or 80% of his sentence; it only determined MDOC must not use the 1997 imprisonment as a prior conviction. MDOC is still free to recalculate Harrell's minimum time

served in compliance with the circuit court's judgment. Therefore, on this point, MDOC is not an aggrieved party and cannot raise this point on appeal.

 MDOC next contends that the circuit court erred in holding that it should not count the April 15, 1997, incarceration as a prior commitment because the 2003 amendment to section 559.115 cannot be applied retroactively. We have already rejected this argument in *Irvin v. Kempker,* 152 S.W.3d 358 (Mo.App. W.D.2004). This point is denied.

The judgment of the circuit court is affirmed.

SMART and EDWIN H. SMITH, JJ., concur.