Shannon COOPER, et al., Respondents,

v.

The HENRY COUNTY COMMISSION, et al., Appellants.

WD 80414

Missouri Court of Appeals, Western District.

OPINION FILED: September 19, 2017

Robert L. Cox, Clinton, MO, for respondents.

Ivan L. Schraeder, St. Louis, MO, for appellants.

Before Division One: James E. Welsh, Presiding Judge, Thomas H. Newton, Judge and Gary D. Witt, Judge

Gary D. Witt, Judge

The Henry County Commission ("Commission") appeals from an amended judgment ("Judgment") vacating a section of two county roads. The Judgment reversed the Commission's decision to deny a Section 228.110 application to vacate approximately one mile of County Road 901 and County Road 500 filed by Charles Shannon Cooper ("Cooper"), Stan Hilty ("Hilty"), Stephen Smith ("Smith"), and Rockwell Journey ("Journey") (collectively as "Landowners").[1] The Commission alleges that the trial court erred in failing to make specific statutory findings and the Judgment was not supported by substantial evidence. We affirm.

## Factual Background

The section of county roads at issue include parts of County Road 901 and County Road 500 ("Roadway"), which join each other and connect Missouri State Highway 7 to Missouri State Highway DD. The land on both sides of the Roadway is primarily owned by one entity, Pin Oak Flats, LLC, which is co-owned by Julius Wall ("Wall") and Hilty. Another property owned by Darrell Sell ("Sell") is located at the south end of the Roadway but has access to Missouri State Highway 7 over the remaining portion of the road which is not being vacated. Sell is not a party to this action. The Roadway is a single lane dirt road approximately one mile in length.

The Landowners filed a petition requesting the Commission to vacate the Roadway on September 29, 2015. On January 5, 2016, the Commission held a public hearing, after which they denied the petition. On February 1, 2016, the Landowners filed a "Petition for Judicial Review" in the trial court for review of the Commission's denial of the Landowner's application. A trial was held on October 20, 2016 in the Henry County Circuit Court.

At trial Wall testified that the Roadway is predominately used by himself, Hilty, and others associated with Pin Oak Flats. Wall and other nearby property owners testified that the Roadway is also used by trespassers to access Pin Oak Flats's property in order to poach wildlife, dump trash, and steal. A cabin that sits along the Roadway has been burglarized on a number of occasions and power lines have been stolen off the property for the copper wire. The Roadway is also used by drag racers and is a prominent location for illegally disposing of trash and other debris. An abandoned car has sat along the side of the Roadway for six to eight years. The Roadway is also used by Sell for getting his large farm equipment onto his property in a way that avoids his having to back his farm equipment onto Missouri State Highway 7, which can be dangerous. A member of the Township Road Board testified that the Township residents did not use the Roadway to get to their homes, farms, or places of work, and that it serves no useful function.

The Secretary of the Township Road Board testified that the Roadway is graded approximately once a year because parts of County Road 901, which are not

---

**1.** All references to statutes are to RSMo 2000 (supplemented through January 1, 2017), un- less otherwise noted.

included in the Roadway, must be graded and the blade is left down while traveling on the rest of the road. The Roadway has not been graveled since 2004, and vegetation grows in the middle and on the sides of the Roadway. After the petition by Landowners was filed, Henry County did some road repair. Henry County billed the Township Road Board for this repair work and then paid the cost of the repairs out of the gas tax money the county pays annually to the Road Board without anyone on the Road Board's knowledge. The only other maintenance on the Roadway since 2004 has been mowing of the vegetation performed by Henry County, and the Township Road Board has spent no money on the maintenance of the Roadway in over ten years. A member on the Township Road Board testified that other roads receive more maintenance than the Roadway because they "are actually used by [the] residents." Wall and Cooper also testifies that two of the three members of the Commission had stated that they were instructed at a Missouri Association of Counties meeting that county commissions should not vacate any more roads.

Judgment was entered on December 19, 2016, vacating the Roadway but requiring the Landowners to construct a culvert across a ditch to serve as a turnaround access point for Sell's use for his farm equipment. The Commission timely appeals.

## Standard of Review

Judicial review of a commission's decision to vacate or refuse to vacate a public roadway is under the standard set forth for administrative review of a noncontested case. *Ard v. Shannon County Comm'n*, 424 S.W.3d 468, 472-73 (Mo. App. S.D. 2014). The trial court in review of a noncontested case pursuant to section 536.150 "does not review the record for competent and substantial evidence, but instead conducts a *de novo* review in which it hears evidence on the merits, makes a record, determines the facts and decides whether the agency's decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious or otherwise involves an abuse of discretion." *City of Valley Park v. Armstrong*, 273 S.W.3d 504, 508 (Mo. banc 2009). "The circuit court does not defer to facts found or credibility assessed by the agency and need not conform doubtful evidence to the agency's decisions." *Id.* "The circuit court in a noncontested case acts to determine the evidence and give judgment from that evidence." *Id.*

This Court reviews "the judgment of the circuit court, rather than the decision of the administrative agency." *Ard,* 424 S.W.3d at 473. This Court "reviews the circuit court's judgment to determine whether its finding that the agency decision was or was not unconstitutional, unlawful, unreasonable, arbitrary, capricious, or the product of an abuse of discretion rests on substantial evidence and correctly declares and applies the law." *Mo. Nat. Educ. Ass'n v. Mo. State Bd. of Educ.*, 34 S.W.3d 266, 275 (Mo. App. 2000). "This standard requires an appellate court to accept the trial court's credibility determinations and view the evidence in the light most favorable to the judgment, while disregarding all contrary evidence and permissible inferences." *Ard*, 424 S.W.3d at 473.

## Discussion

The Commission raises five points on appeal. As there is substantial overlap between points One and Two, we discuss them as one point. Points Three, Four, and Five will be discussed separately.

### Points One and Two

In Points One and Two, the Commission argues that the trial court erred in failing

to make specific required statutory findings regarding the satisfaction of the requirements for vacating a road pursuant to section 228.110 or specific findings regarding the reasons for overturning the Commission's decision. The Commission argues that section 228.110 requires specific statutory findings, and the trial court must determine the facts and decide whether the Commission's decision was unconstitutional, unlawful, unreasonable, arbitrary, capricious or an abuse of discretion. The Commission argues that the trial court did not specifically set forth the grounds based on which it overturned the Commission's decision or what facts it used in making that determination.[2]

Under Supreme Court Rule 73.01(c),[3] *"[i]f a party so requests, the court shall dictate to the court reporter or prepare and file a brief opinion containing a statement of the grounds for its decision and the method of deciding any damage awarded."* (emphasis added). Furthermore, *"[t]he court may, or if requested by a party shall,* include in the opinion findings on the controverted material fact issues specified by the party." *Id.* (emphasis added). Such a request must be made "on the record *before the introduction of evidence* or at a later time, if the court so allowed." *In re C.C.S.,* 393 S.W.3d 105, 109 (Mo. App. W.D. 2013) (emphasis added).

■ Nowhere in the language of section 228.110 is there a requirement that the trial court make specific findings of facts on any issue. Therefore, the only mechanism for requesting the court to make any findings of fact in this matter would have been through a request pursuant to Rule 73.01(c). The Commission never made a

request that the trial court make specific findings of facts or state its grounds for its decision prior to the introduction of evidence. Therefore, the trial court was under no obligation to do so. If the Commission wanted specific factual findings and statements regarding the legal grounds for the trial court's decision, the Commission should have made a proper and timely request. Absent such a request, in our review of the trial court's judgment we presume all facts and credibility determinations were made by the trial court consistent with its judgment. *Ard,* 424 S.W.3d at 473. Points One and Two are denied.

## Point Three

■ In Point Three, the Commission argues that the trial court erred in concluding that the Roadway has "no public use" because that is not the standard for vacating roads as provided for in section 288.110. The Commission argues that the trial court did not use the proper legal standard of "useless" provided for in section 228.110 and instead imposed an improper "public use" standard. Effectively this is an argument that the trial court misapplied the law. We review questions of law de novo. *Albanna v. St. Bd. of Registration for Healing Arts,* 293 S.W.3d 423, 428 (Mo. banc 2009).

■ A road created and maintained by a township is useful only if it serves the needs of the public. If a road is found to serve no use to the public then the road becomes useless to the township. Therefore, the trial court's finding that the road serves no public use effectively finds the road useless as required under section 228.110. Public use or lack thereof does not

2. While the Commission did not cite Rule 78.07(c) in its motion, it did file a motion to amend the judgment requesting the trial court to make factual findings regarding these is-

sues, therefore review of these points are not waived pursuant to that rule.

3. All rule references are to Missouri Supreme Court Rules (2017).

create a different or separate standard than the one provided under section 228.110. "[T]he term 'useless' as employed in the statute, should not be given an arbitrary and absurd interpretation, and the uselessness contemplated and required to permit vacation must be a practical, not an absolute, uselessness." *Ard*, 424 S.W.3d .at 479. We find that the trial court applied the proper legal standard.

The Commission further argues that the trial court erred in its factual determination that the Roadway is useless and repairing the Roadway is an unreasonable burden because such determination was not supported by sufficient evidence.

Section 228.110 provides for vacation of a road or part thereof when it is found to be "useless[ ] and the repairing of the same an unreasonable burden upon the district or districts."

In *Ard*, a landowner sought to vacate a road that ran through his land. *Id.* at 473-74. The trial court determined that the road was useless when "the roadway ha[d] been used in limited fashion, primarily for poaching, trespassing on private property, disposing of trash and other debris and allowing access to private property for potential theft and illegal activity." *Id.* at 478. Also, there were alternative routes for public use over well maintained roads that did not increase travel time. *Id.* at 479.

■ Here, there is sufficient evidence to support the trial court's determination that the Roadway was useless. Like the roadway in *Ard*, the Roadway at issue has been used predominately for poaching, trespassing, and disposing of trash. No neighboring property owners need or use the Roadway for access to their property or to their place of employment. The Roadway does not need to be completely void of any use to be found useless. The use of the Roadway as a turnaround for large farm equipment by one nearby farmer does not pre-

vent the Roadway from being determined to be useless.

In *Ard*, the road was determined to be an unreasonable burden to repair when the County was waiting on FEMA to repair the road and resources were diverted to other roadways. *Id.* Here, the Roadway has not been graveled since 2004 and money has not been spent on the Roadway's maintenance since then. The only time money was spent on the Roadway in over ten years was, following the Landowner's petition to vacate, when some minor repairs were made by the Commission and funds to pay for the repairs were removed from the Township Road Board's gas tax funds without the Road Board's knowledge or consent. Funds to maintain the Roadway would have to be diverted from other roads and the Roadway has only been occasionally graded because other parts of the roadway were also being graded. The mere fact that some money could possibly be available to maintain the Roadway is irrelevant if that money is not being spent on the Roadway.

Thus, there is sufficient evidence in this record to support the trial court's finding that the Roadway is useless and that continued repair and maintenance would be an unreasonable burden. Point Three is denied.

### Point Four

In Point Four, the Commission argues that the trial court erred in conditioning the vacation of the Roadway on the construction by the Landowners of a culvert across the road ditch for Sell's use for his farm equipment because section 228.110 does not permit any conditions to be placed on a request to vacate a road. The Commission argues that the statute sets out the requirements to vacate a road and does not state that conditions are allowed.

■ We begin by noting that the trial court required the Landowners to construct the culvert and as such this was an obligation of the Landowners, not the Commission, and the Landowners have not appealed the Judgment arguing against the legality of the required obligation. In order to challenge a judgment on appeal the party must establish that they are aggrieved by the judgment. Section 512.020. A party may be aggrieved by some issues in a judgment but not by others. *Harrell v. Mo. Dept. of Corrs.*, 207 S.W.3d 690, 692 (Mo. App. W.D. 2006). If the party is not aggrieved by the point on appeal they have no standing to raise that point. *Id.* at 693.

■ The Landowners bear the expense and are the owners of the land used to create the culvert. The Commission makes no argument that they will bear any obligation, expense or burden regarding the culvert. The Commission is unaffected by the requirement that the Landowners build the culvert. The Landowners are the ones from whom this obligation is required, they are the party who may challenge it on appeal. The Landowners make no challenge to the culvert obligation as being unauthorized, unreasonable or invalid. Therefore, the Commission lacks standing to challenge the requirement of the building of the culvert.[4]

Point Four is denied.

## Point Five

In Point Five, the Commission argues that the trial court erred in determining that the Commission's decision was unconstitutional, unlawful, unreasonable, arbitrary, capricious, or the product of an abuse of discretion because it was "against the weight of the evidence, and it misapplies the applicable law for vacating a road . . .".

■ We first note that this Point Relied On is multifarious. An "against the weight of the evidence" challenge and a "misapplication of the law" challenge are two distinct claims and combining them into the same point relied on preserves nothing for review. *Ivie v. Smith,* 439 S.W.3d 189, 209 n. 11 (Mo. banc 2014). We choose to gratuitously address the arguments as we prefer to decide cases on the merits.

Appellate courts act with caution in exercising the power to set aside a decree or judgment on the ground that it is against the weight of the evidence. [A] claim that the judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment. In other words, "weight of the evidence" denotes an appellate test of how much persuasive value evidence has, not just whether sufficient evidence exists that tends to prove a necessary fact. The against-the-weight-of-the-evidence standard serves only as a check on a circuit court's potential abuse of power in weighing the evidence, and an appellate court will reverse only in rare cases, when it has a firm belief that the decree or judgment is wrong.

*Ivie v. Smith,* 439 S.W.3d 189, 205-206 (Mo. banc 2014) (internal citations and quotation marks omitted). "A circuit court's judgment is against the weight of the evidence only if the circuit court could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment." *Id.* However, the Commission fails to point to any specific fact that they allege there was

---

4. We find no direct prohibition in section 228.110 against a trial court, in its discretion, setting a reasonable restriction on the vacation of a roadway, but do not reach this issue as it is unnecessary to the determination of this appeal.

no evidence to support. We will not sift, through the record to try to create an argument for a party as to do so would remove us from our role as a neutral arbitrator and place us in the role as an advocate for a party which we cannot and will not do. *Mansfield v. Horner*, 443 S.W.3d 627, 652 (Mo. App. W.D. 2014).

Under Rule 73.01, the trial court was under no obligation to state specific grounds for overturning the Commission's decision. *Supra* Points One and Two. However, there is substantial evidence to support the trial court's determination that the Commission's decision was arbitrary, capricious, or the product of an abuse of discretion.

"Arbitrary and capricious has been defined as willful and unreasoning action, without consideration of and in disregard of the facts and circumstances." *Ard*, 424 S.W.3d at 481 (citation and internal quotation marks omitted). The evidence supports such a determination here. The Commission provides no evidence of why the Roadway should not be vacated except for its use by individuals for predominately illegal purposes (stealing, poaching and littering) and as a turnaround by one neighboring farmer whose property does not adjoin the Roadway, which the trial court rectified the concerns regarding this use in the Judgment. Furthermore, there was evidence at trial that the Commission acted on the advice of the Missouri Association of Counties not to vacate any roads regardless of the merits. Therefore, the trial court's determination that the Commission's decision was arbitrary, capricious, or the product of abuse of discretion is supported by substantial evidence.

The Commission further argues that the trial court erred in not stating specific grounds to support its findings. This has already been addressed in Points One and Two and that analysis will not be repeated herein. Point Five is denied.

### Conclusion

The judgment of the trial court, is affirmed.

All concur