Nancy Steffen Rahmeyer, J.
M.B.C., the mother ("Mother") of D.J., C.W.J. and I.N.J. ("the children"), appeals from the termination of her parental rights;[1] however, she does not challenge any of the statutory bases for the termination, nor the finding that it was in the best interest of the children that her parental rights be terminated. Instead, Mother challenges the fact that the attorney for Father was permitted to withdraw prior to the trial. Mother does not have standing to challenge the decision of the trial court to allow Father's attorney to withdraw nor the decision to proceed with the trial without Father's presence. The judgment is affirmed.
... Standing is a threshold issue and "a prerequisite to a court's authority to address substantive issues." S.C. v. Juvenile Officer , 474 S.W.3d 160, 163 (Mo. banc 2015).
....
In a civil case, a party "aggrieved" by a judgment may appeal. § 512.020. A party is aggrieved "when the judgment operates prejudicially and directly on his personal or property rights or interests and such effect is immediate and not merely a possible remote consequence." Shelter Mut. Ins. Co. v. Briggs , 793 S.W.2d 862, 863 (Mo. banc 1990). "A party may be aggrieved by some issues in a judgment but not by others. If the party is not aggrieved by the point on appeal they have no standing to raise that point." Cooper v. Henry Cty. Comm'n , 529 S.W.3d 343, 349 (Mo. App. W.D. 2017) (citations omitted); see, e.g., Harrell v. Missouri Dep't of Corr. , 207 S.W.3d 690, 693 (Mo. App. W.D. 2006).
A party does not have standing to appeal a final judgment of the circuit court unless she is an aggrieved party. In re Q.M.B. , 85 S.W.3d 654, 662 (Mo.App. W.D. 2002) (citing Rule 81.01).[2]
Mother speculates that if the trial court had not terminated Father's parental rights then the trial court would not have terminated her parental rights. To make that ultimate assumption, Mother must rely upon multiple assumptions. First, Mother must assume, had the trial court not granted Father's attorney's motion to *492 withdraw, that Father would have prevailed at trial. There is simply nothing in the record to support that assumption. Second, Mother assumes that the court cannot as a matter of law terminate her parental rights if Father's are not terminated. There is no support for that contention in the facts or caselaw before this Court.
Simply put, Father is not a party to the appeal and, as noted, Mother raised no legal issue of her own to contest the termination. Father was advised of the trial setting and chose not to appear. Father's parental rights were terminated at the same time as Mother's parental rights. Mother has no standing to present an argument, if there is any, on Father's behalf. The judgment is affirmed.
Don E. Burrell, P.J.-Concurs
Gary W. Lynch, J.-Concurs

In the same judgment, the trial court also terminated the rights of the children's father, S.J. ("Father"). Father is not a party to this appeal and we refer to him only as necessary to address Mother's appeal.

All rule references are to Missouri Court Rules (2018), unless otherwise specified.